IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON HALL, )
 )
      Plaintiff, )
 )
vs. ) Case No. 10-cv-0012-MJR
 )
UNITED OF OMAHA LIFE INSURANCE )
CO., )
 )
      Defendant. )

MEMORANDUM AND ORDER

REAGAN, District Judge:

I. Introduction and Procedural Background

A former employee of Penco Services, Jason Hall filed suit in the Circuit Court of Madison County seeking payments he alleges are due him under an ERISA employee benefit plan. As the sole Defendant in the suit, Hall named United of Omaha Life Insurance Company, referred to herein simply as "United."

In January 2005, United removed the action to this Court (where subject matter jurisdiction lies under the federal question statute). Before the Court is United's motion to strike the Declaration of Dr. Weich from the pleadings (Doc. 23). The Court now analyzes the pending motion, starting with the standards which govern disposition of the issues raised therein.

II. Analysis

Motions to strike are governed by **Fed. R. Civ. P. 12(f)**, which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent,

1

or scandalous matter." Motions to strike are strongly disfavored and are rarely granted. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Western Publ'g Co. v. MindGames, Inc.*, 944 F.Supp. 754, 755 n. 1 (E.D.Wis. 1996) **("Motions to strike are generally disfavored and information ... will not be stricken unless it is evident that it has no bearing upon the subject matter of the litigation.")**.

A review of United's motion and the declaration that United seeks to strike leads the Court to conclude that this is not the rare case where a motion to strike should be granted. As stated above, Rule 12(f) provides that "the court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." **Fed. R .Civ. P. 12(f) (emphasis added)**.[1] Consequently, motions to strike pursuant to Rule 12(f) are appropriate only to strike matters contained in the pleadings. The document at issue, a declaration in opposition to United's motion for summary judgment, is not considered to be a pleading, so a motion under 12(f) is not a proper proceeding.

As Chief Judge Easterbrook noted in ***Redwood v. Dobson* 476 F.3d 462 (7th Cir. 2007)**, "Motions to strike disserve the interest of judicial economy. The aggravation comes at an unacceptable cost in judicial time." **476 F.3d at 471**. The Chief Judge's observation is equally applicable to the motion to strike filed in this case. The motion does not serve to refine issues and aid in a more expeditious resolution of this matter; rather, the motion has generated another round of briefing that the Court must read and address before it can reach the merits of United's motion

---

[1] Federal Rule of Civil Procedure 7(a) defines pleadings as a complaint, an answer, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court orders one, a reply to an answer. **Fed.R.Civ.P. 7(a).**

for summary judgment.

That said, United is correct that where, as here, review under ERISA is deferential, the Court is "limited to the information submitted to the plan's administrator." ***Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,*** **195 F.3d 975, 982 (7th Cir. 1999).** Consequently, according to United, the Court cannot consider the Declaration because it is not part of the administrative record. But, that does not end the inquiry.

Hall counters, in essence, that Dr. Weich's Declaration was filed because *United* made a statement in its motion for summary judgment that is outside the administrative record. United summarized a notation in Dr. Weich's medical records as recommending that Hall continue physical therapy for manipulation of his spine. According to Dr. Weich's Declaration, that statement does not accurately reflect his notation, which instead indicates that treatment would be continued "PRN" - or return as needed.[2] As such, the Declaration is not irrelevant, impertinent or immaterial, as United asserts, but rather directs the Court's attention to a distinction that may be critical to this Court's review.

Lastly, the Court is well able to distinguish and disregard any exhibit that is inadmissible for purposes of responding to United's motion or is otherwise improper.

III.  Conclusion

For the foregoing reasons, the Court **DENIES** United's motion to strike (Doc. 24).

IT IS SO ORDERED.

DATED this 4th day of April, 2011

---

[2]"PRN" means "as occasion arises." ***Stedman's Medical Dictionary*** **(28th ed. 2006)**.

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge